1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11

ESTATE OF DARRYL MEFFERD, by          No.  2:24-cv-02464-JAM-AC
12  and through its personal
representative, EVANGELINA
13  HUMPHREY; EVANGELINA
HUMPHREY, individually,           **ORDER DENYING DEFENDANTS' MOTION**
14                                    **FOR JUDGMENT ON THE PLEADINGS**
                Plaintiff(s),
15
        v.
16
CITY OF VALLEJO, a municipal
17  corporation; JEREMY CALLINAN,
in his individual capacity as
18  a law enforcement officer for
the VALLEJO POLICE
19  DEPARTMENT; ANDREW BIDOU, in
his individual capacity as
20  the chief of police for the
VALLEJO POLICE DEPARTMENT;
21  and DOES 1-50, Inclusive,

22                Defendant(s).

23
                    INTRODUCTION OF THE CASE
24

25       Before this Court is the City of Vallejo (the "City") and

26  Jeremy Callinan's ("Defendants") motion for judgment on the

27  pleadings.  See Mot., ECF No. 11.  The Estate of Darryl Mefferd

28  and Evangelina Humphrey ("Plaintiffs") assert three causes of

                                1

action arising under 42 U.S.C. § 1983 related to the in-custody

death of Darryl Mefferd on December 7, 2016. See Compl., ECF No.

1. Defendants request that the Court grant judgment in their

favor on the grounds that Plaintiffs' claims are time-barred.

See Mot. at 1. Plaintiffs opposed this motion, Opp'n, ECF No.

12, and Defendants replied, Reply, ECF No. 13. For the reasons

provided herein, the Court denies Defendants' motion for judgment

on the pleadings.[1]

## I.  FACTUAL ALLEGATIONS

Plaintiffs allege that On December 7, 2016, Darryl Dean

Mefferd ("Decedent") was experiencing symptoms of disorientation,

paranoia, and dehydration, leading him to a voluntarily check

himself into Sutter Solano Medical Center for alcohol withdrawal.

See Compl. at ¶ 23. That same night, Decedent voluntarily

checked himself out of the hospital and hospital staff called his

sister, Cindie, to alert her that Decedent had left. Id. at ¶

23.

Decedent then encountered Vallejo Police Officer Jeremy

Callinan, who was in the vicinity responding to a different call.

Id. at ¶¶ 24, 27. Officer Callinan detained, handcuffed, and

placed Decedent in the back of his patrol vehicle. Id. at ¶ 27.

Shortly after, Cindie arrived at the scene and requested to take

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 13, 2025.

2

Decedent home.  Id. at ¶ 28.  Officer Callinan refused, stating

that Decedent was not under arrest and that Officer Callinan was

taking him to a mental health facility.  Id. at ¶ 2.  Officer

Callinan then drove away and less than thirty minutes later,

Decedent was dead.  Id. at ¶ 30.  Plaintiffs were informed that

Decedent had died from an overdose and that no force was used.

Id. at ¶ 47.  Plaintiffs attempted to obtain records, reports,

interview statements, and body-worn camera ("BWC") footage of the

incident, but the City of Vallejo refused to disclose these

records.  Id.

On June 10, 2024, Open Vallejo, an independent newsroom,

published an article revealing new information about Decedent's

death.[2]  Id. at ¶ 31.  The article reported that a confidential

source who had reviewed Officer Callinan's BWC footage from the

date of the incident informed Open Vallejo that the BWC footage

contradicts Defendants' previously disclosed facts about

Decedent's encounter with Officer Callinan.  Id.  Most

significantly, BWC footage purportedly shows that Decedent was

handcuffed and that Officer Callinan used force by sitting on

Decedent for more than ten minutes.  Id.

The article also contains several allegations, which

---

[2] Laurence Du Sault, "The secret death of Darryl Dean Mefferd,"
Open Vallejo (June 10, 2024),
https://openvallejo.org/2024/06/10/the-secret-death-of-darryl-
dean-mefferd/

1  Plaintiffs adopt, that law enforcement worked with Solano County

2  Deputy Coroner Sergeant Corey McLean to write a report covering

3  up any use of force or physical confrontation between Decedent

4  and Officer Callinan.  Id. at ¶ 41.  This was purportedly done to

5  mislead Plaintiffs about Decedent's cause of death and to evade

6  California public disclosure laws for deaths related to use of

7  force.  Id. at ¶¶ 42-44.  Three months after learning these facts

8  from Open Vallejo's article, Plaintiffs promptly filed suit.  See

9  ECF No. 1.

10

11                         II.  OPINION

12     A. Legal Standard

13     Under Rule 12(c) of the Federal Rules of Civil of

14  Procedure, a defendant may move for judgment on the pleadings

15  after the pleadings are closed but within such time as to not

16  delay trial.  Fed. R. Civ. Pro. 12(c).  A motion for judgment on

17  the pleadings is analyzed under the same standard as a 12(b)(6)

18  motion to dismiss for failure to state a claim.  See

19  Strigliabotti v. Franklin Resources, Inc., 398 F. Supp. 2d 1094,

20  1097 (N.D. Cal. 2005).

21     Rule 12(b)(6) requires that a complaint make a "short and

22  plain statement of the claim showing that the pleader is

23  entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp.

24  v. Twombly, 550 U.S. 544, 545 (2007).  At the 12(b)(6) stage,

25  the Court must accept all nonconclusory factual allegations of

26

27

28

the complaint as true and construe those facts and the

reasonable inferences that follow from them in the light most

favorable to the Plaintiff.  See Knievel v. ESPN, 393 F.3d 1068,

1072 (9th Cir. 2005).

When a complaint is challenged for timeliness, "claim[s]

may be dismissed under Rule 12(b)(6) on the ground that [they

are] barred by the applicable statute of limitations only when

the running of the statute is apparent on the face of the

complaint."  Von Saher v. Norton Simon Museum of Art, 592 F.3d

954, 969 (9th Cir. 2010) (emphasis added).  "[W]here the issue

of limitations requires determination of when a claim begins to

accrue, the complaint should be dismissed only if the evidence

is so clear that there is no genuine factual issue and the

determination can be made as a matter of law."  Sisseton-

Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 591 (9th

Cir. 1990).  "[A] complaint cannot be dismissed unless it

appears beyond doubt that the plaintiff can prove no set of

facts that would establish the timeliness of the claim."

Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th

Cir. 1995).

B. Analysis

1. Accrual of Claims

Defendants argue that Plaintiffs' claims are time-barred

because they exceed the statute of limitations for personal

injury actions.  See Mot. at 1.  Actions brought under 42 U.S.C.
§ 1983 are governed by the forum state's statute of limitations
for personal injury actions.  See Wilson v. Garcia, 471 U.S.
261, 265 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.
2004).  Both parties agree that in California, a two-year
statute of limitations applies.  See Cal. Code Civ. Proc. §
335.1; Jones, 393 F.3d at 927.  Thus, any claim under 42 U.S.C.
§ 1983 must be brought within two years of accrual to be timely.

    The accrual of a claim under 42 U.S.C. § 1983 is a question
of federal law.  See Klein v. City of Beverly Hills, 865 F.3d
1276, 1278 (9th Cir. 2017).  "Under federal law, a claim accrues
when the plaintiff knows or has reason to know of the injury
which is the basis of the action."  Maldonado v. Harris, 370
F.3d 945, 955 (9th Cir. 2004)(quoting Knox v. Davis, 260 F.3d
1009, 1013 (9th Cir. 2001)).  In cases alleging excessive force,
the cause of action generally accrues when the force is used.
See Soto v. Unknown Sweetman, 882 F.3d 865, 871 (9th Cir. 2018).

    As Defendants point out, a cause of action accrues when a
Plaintiff knows of or has reason to know of the injury which is
the basis of the action.  See Mot. at 3.  This accrual is based
on what the decedent knew or had reason to know at the time of
death.  See e.g., Estate of Jackson v. City of Modesto, 2021 WL
4819604, *8 (E.D. Cal. October 14, 2021); Estate of Kong v. City
of San Diego, 2023 WL 4939370, *11-12 (E.D. Cal. August 2,

6

2023).  Thus, the survival claims here accrued on December 7,
2016, and needed to be asserted no later than December 7, 2018,
i.e. two-years after Decedent's death.[3]

> ## 2. Equitable Estoppel

Plaintiffs argue that even if their claims are untimely,
Defendants are estopped from asserting a statute of limitations
defense because they affirmatively concealed Officer Callinan's
use of force, which precluded Plaintiffs from filing a timely
excessive force lawsuit.  See Opp'n at 10.  The Court agrees.

A defendant may be equitably estopped from asserting a
statute of limitations defense where the defendant has engaged
in active conduct, above and beyond the wrongdoing upon which
the plaintiff's claim is filed, to prevent the plaintiff from
filing suit within the limitations period.  See Johnson v.
Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  "Where the delay
in commencing action is induced by the conduct of the defendant
it cannot be availed of by him as a defense."  Atwater
Elementary School Dist. v. Cal. Dep't of Gen. Servs., 41 Cal.4th
227, 232-33 (2007).

As Defendants acknowledge, Mot. at 6, in the context of a

---

[3] Defendants' motion does not address Plaintiffs' second cause of
action, but the familial association claim is dependent on the
survival of the first and third claims.  See Schwarz v. Lassen
Cnty. ex rel. Lassen Cnty. Jail, 628 F. App'x 527, 528 (9th Cir.
2016)("Recovery for a violation of the right to familial
association is generally contingent on the existence of an
underlying constitutional violation.").

wrongful death action involving claims of police excessive

force, fraudulent concealment has been found where the defendant

has made misrepresentations to the Plaintiff regarding the

incident that persuaded the Plaintiff not to file suit.  See

Estate of Amaro v. City of Oakland, 653 F.3d 808 (9th Cir.

2011).  For example, in Gomez v. City of Torrance, 311 Fed.

Appx. 967, 969 (9th Cir. 2009), a court found sufficient

allegations to support equitable estoppel where the police

department and District Attorney provided Plaintiff with a

report that included false and misleading statements that were

contradicted by video footage.  See Mot. at 6.

Construing the pleadings in the light most favorable to the

Plaintiffs and taking their facts as true, the Court finds that

Plaintiffs are entitled to invoke the doctrine of equitable

estoppel here because they have sufficiently alleged that they

were kept in the dark about key facts surrounding Decedent's

encounter with Vallejo Police and misled by official statements

from law enforcement.  Specifically, Plaintiffs allege that

official police records were "sanitize[ed]" to classify Decedent

Mefferd's death as an accidental overdose.  See Compl. at ¶¶ 44,

47.  These sanitization efforts were perpetrated when Solano

County Deputy Corey McLean changed his report based on a

conversation with Solano County Detective Ronnie Sefried and

Vallejo Sergeant Matthew Mustard, who "convinced Detective

341ecf7c659b0e24

Sefried and Sergeant McLean to change their narratives and write a report that left out the force and physical confrontation between Decedent and [Officer Callinan]." See Compl. at ¶ 41. Plaintiffs further allege that official records and communications from the City of Vallejo designated Darryl Mefferd's death as an accidental overdose. See Compl. at ¶ 47. After the incident, Defendants refused Decedent family's requests to disclose body camera evidence, reports, and interview statements and have denied that Officer Callinan had any physical confrontation with Decedent Mefferd. See Compl. at ¶¶ 44, 45.

Under these circumstances, Plaintiffs' allegations demonstrate that Defendants engaged in active conduct beyond the initial interaction with Decedent to mislead Plaintiffs about the true nature of Mefferd's death, preventing them from filing a timely lawsuit. Plaintiffs did not know and did not have reasonable cause to know Decedent's death was related to excessive force or police action at all until these facts came to light in June 2024 via the confidential source and Open Vallejo's investigative reporting. Because Defendants are alleged to have taken active and coordinated efforts across City departments to conceal Officer Callinan's alleged use of force, Defendants are estopped from benefitting from the alleged misconduct and asserting a statute of limitations defense.

3.  <u>Delayed Discovery</u>

Having found that Defendants are estopped from asserting a statute of limitations defense, the Court need not address Plaintiffs' other arguments regarding tolling the statute of limitations here.

III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: June 9, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE